Dear Mr. Morel:
This office is in receipt of your recent opinion request in which you present the following issue for our review.
 Can the Levee Board Maintenance crews move debris and other garbage dumped on the levee onto adjacent, privately owned batture land not subject to the Levee Board's servitude?
As we understand the facts, the levee runs along the Mississippi River and is owned by the Lafourche Basin Levee Board ("Levee Board"). The land underlying the levee is privately owned and subject to a servitude in favor of the Levee Board. This servitude includes an area extending from the toe of the levee forty (40) feet toward the river. The batture[1] in this area extends approximately one mile between the toe of the levee and the river. In the particular area of interest, there is a gravel "ramp" perpendicular to the levee which runs from Highway 3127, over the levee, to a boat launch and dock open to the public. Additionally, there is a "levee road" which runs along the top of the levee. The ramp over the levee serves as the property line between two different land owners. The land to the north of the ramp is privately owned and includes the boat launch and dock. The area to the south of the ramp is the private property which is the subject of this opinion ("subject property").
Apparently, the ramp across the levee and the road atop the levee are being used to access the property to dump household garbage, furniture, and other trash on the levee adjacent to the subject property. When the Levee Board maintenance crews find the debris on the levee and Levee Board servitude, they are simply moving it over to the adjacent batture property not subject to the Levee Board servitude, resulting in the landowner spending considerable sums in cleanup costs. The landowner has proposed building a fence, with a locked gate at the levee road, hopefully to stop the dumping. The Levee Board agreed to allow the landowner to build a fence, but refused to allow any locks on the gate which would be used to control access to the Levee Board property. It is our understanding that the Levee Board does not want to impede access to the road on top of the levee in the event it is needed in an emergency.
The Levee Board claims that the act of moving the garbage to adjacent property is not objectionable because the landowner owns the land beneath and around the levee and the garbage is simply being moved from one area of the landowner's property to another. While we agree with this analysis of the ownership of the land, we find that the Levee Board owns the levee itself and has control over the levee servitude. According to Louisiana Revised Statute 38:301, which states, in pertinent part:
 A. The levee boards and levee and drainage boards of this state may construct and maintain levees, drainage, and levee drainage, and do all other things incidental thereto. . . .
As this section provides, the levee boards of this state have an obligation to construct and maintain the levees and do all other things incidental thereto. We believe this includes removal of any debris or garbage placed on levees.
As stated above, the Levee Board owns the levee, while the landowner owns the property underlying and adjacent to the levee, subject to the levee servitude. Louisiana Civil Code Article 667
provides that while a property owner may do as he pleases with his property, he cannot cause damage to the property of an adjacent landowner. We believe the Levee Board, as owner of the levee, and the private landowner, as owner of the property beneath and adjacent to the levee constitute "adjacent landowners" as contemplated by Article 667. We also believe that moving the debris and garbage from the levee and levee servitude onto the subject property causes damage to the landowner's property contrary to Article 667.
It is the opinion of this office that the Lafourche Basin Levee Board is legally responsible for properly disposing debris and garbage placed on the levee and cannot simply "shove" the debris off the Levee Board property and servitude onto adjacent non Levee Board property.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ FREDERICK C. WHITROCK Assistant Attorney General
[1] "Batture" is that area between the ordinary high water and ordinary low water lines of the river. Boyce Cottonseed Oil Mfg.Co. v. Board of Com'rs of Red River, Atchafalaya and Bayou BoeufLevee Dist. 160 La. 727, 107 So. 506 (La 1925).